# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA\ DIVISION

RONALD EUGENE HALE, SENIOR,
    Plaintiff,

vs.                                             No. 3:09mc105/MCR/MD

TEXTRON FINANCIAL CORPORATION,
    Defendant.

_____

## REPORT AND RECOMMENDATION

      This matter is before the court on an emergency motion to dismiss filed by defendant as well as a motion to expedite hearing thereon. (Docs. 4, 5). A hearing was held on this motion on December 22, 2009 before the undersigned.

      This miscellaneous case was initiated when plaintiff filed what purports to be a judgment of this court by which this court decrees that plaintiff shall recover from defendant Textron Financial Corporation the sum of $763,776,000,000.00 (doc. 1). The purported judgment further recites that the matter was "tried by Judge Notary Presentment and Acceptor without a jury and the above decision was reached" allegedly based on a FINAL DEFAULT JUDGMENT IN NIHIL DICIT followed by a Notary Case Number and a File number, neither of which references a court. The purported judgment has a case number in its caption which is not a number assigned to by this court, although the clerk assigned the proceeding a miscellaneous number for record keeping purposes. The purported judgment is neither dated nor signed by the Clerk of this court, any Deputy Clerk, or any other authorized officer. In fact, it is not signed at all. Attached to the purported judgment

are a UCC-1 form filed with the State of Florida and recorded in Okaloosa County, Florida, and a Notice of Claim of Maritime Lien filed with the Department of Homeland Security, United States Coast Guard. The UCC-1 form lists defendant as the Debtor and plaintiff as the Secured Party, and refers to a financing statement based on NOTICE OF INTERNATIONAL COMMERCIAL CLAIM WITHIN THE ab initio ADMINISTRATIVE REMEDY" followed by a File number. In the Notice of Claim of Maritime Lien plaintiff states under oath that he has a valid lien against all property of the defendant. Beyond filing these documents, plaintiff has not requested relief in and from this court. The clerk appears to have treated this as a registration of a foreign judgment, and plaintiff paid a $39 filing fee.

Defendant now seeks to dismiss and to have the purported judgment declared null and void, arguing that plaintiff has repeatedly abused the judicial system, ignored court orders, and caused it irreparable harm. (Doc. 4 at 10). Defendant argues that the document plaintiff claims to be a judgment (1) is not a judgment from a federal tribunal as required by 18 U.S.C. § 1963, (2) is not a judgment from any legal tribunal, but rather is a fraudulent document by which plaintiff seeks to damage defendant, and further that (3) prior to the filing of this "registration," and with notice to the plaintiff, a court of competent jurisdiction in the State of Rhode Island found that plaintiff had no legal claim of any kind against the defendant, by judgment or otherwise, and that the purported "Notary Presentment and Acceptor" is null and void and of no force or effect.

A hearing on defendant's motion was held before the undersigned on December 22, 2009. Plaintiff appeared *pro se*, and when asked to explain his position to the court, he argued that he in fact seeks to register his judgment - his administrative judgment based on default by Textron - in this court. He contends that Fed.R.Civ.P. 55 requires this court to register the judgment because, as he understands it, this court must enter judgment based on a default.

As the undersigned explained to plaintiff at the hearing, there is no legal or factual basis whatsoever to support plaintiff's contention here. Rule 55 does not apply to registration of foreign judgments. Title 28 U.S.C. § 1963 gives the court jurisdiction to register such judgments. However, the purported judgment is not a

judgment entered by a federal tribunal listed in the statute, to wit: a court of appeals, district court, bankruptcy court or Court of International Trade.  *See Home Port Rentals, Inc. v. International Yachting Group, Inc.,* 252 F.3d 399 (5th Cir. 2001) (holding that the statute was adopted to allow a judgment of a federal court to be registered in another federal district to facilitate further collection or other enforcement proceedings in another state).  It is not a judgment in any sense.  If plaintiff is trying to use the relevant statute to authenticate and give legal force to his "Notary Presentment and Acceptor," he may not do so in this manner, because whatever else his document may be, it is not a judgment of a federal tribunal, and this court lacks jurisdiction to register it.  *Mock v. Merck & Co.*, 2006 WL 2094677 *2 (N.D. Fla. 2006) (Rodgers, J.) (holding that the court lacks jurisdiction to register an "administrative judgment" where the party seeking registration fails to present a certified judgment from another federal court).  This matter should therefore be dismissed for lack of jurisdiction.  In addition, while dismissing, the court should utilize its inherent power to declare the purported judgment null and void and of no force or effect as a judgment registered in this court.  *Indian Head Nat. Bank of Nashua v. Brunelle*, 689 F.2d 245 (1st Cir. 1982).

Accordingly, it is respectfully RECOMMENDED as follows:

1. That the court dismiss this action for lack of subject matter jurisdiction;

2. That the court declare that the purported judgment filed by plaintiff is not a lawful judgment of or recognized by this court and is null and void and without legal force or effect as a judgment registered in this court.

At Pensacola, Florida this 22rd day of December, 2009.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**